Daniel Edward McBRIDE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 84 035 CR.

Court of Appeals of Texas, Beaumont.

Dec. 20, 1984.

Rehearing Denied Feb. 8, 1985.

Petition for Discretionary Review Granted Oct. 23, 1985.

Mark Morefield, Liberty, for appellant.

Michael R. Little, Liberty, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was found guilty by a jury of burglary of a habitation. He pleaded true to two enhancements and was sentenced by the jury to seventy-five years in the Texas Department of Corrections. Appeal has been perfected to this Court.

Ground of error number one:

"The trial court erred in overruling appellant's motion to set aside case under the Speedy Trial Act."[1]

We have in our record a hearing dated October 21, 1983, which contains the following colloquy:

"[APPELLANT'S ATTORNEY]: Your Honor, I would like to ask [appellant] if he still intends to urge his motion for speedy trial knowing in light of the fact that he's probably—he probably may be number one on the jury docket Monday.

"[Appellant], do you want to go to trial Monday?

"[APPELLANT]: No, sir, because I feel like my lawyer wouldn't have time to prepare.

"[APPELLANT'S ATTORNEY]: I certainly do too, but are you still gonna urge your motion for speedy trial?

"[APPELLANT]: No, sir.

"[APPELLANT'S ATTORNEY]: Would you like to withdraw that motion for speedy trial?

"[APPELLANT]: Yes, sir.

\* \* \* \* \* \*

"[DEFENSE ATTORNEY]: Your Honor, we would respectfully request the Court to allow us to withdraw the motion for speedy trial ....

"THE COURT: ... The motion will be granted ...."

This ground of error is overruled.

Appellant, by his second ground of error, contends the court "committed reversible error in overruling [his] motion to suppress and in admitting evidence illegally seized."

The record before us reveals that, prior to trial, appellant filed a motion to dismiss the indictment for the reason "the State was not ready for trial on the merits herein within the Statutory time limits prescribed by Article 32A.02", and also filed a motion to suppress evidence of appellant's fingerprints obtained from him while he was in custody at the Liberty County Sheriff's office as the result of an illegal arrest.

During the hearing on the motion to dismiss because of noncompliance with the Speedy Trial Act, appellant requested permission to withdraw such motion and the same was granted by the court. Subsequent to this withdrawal of the motion to dismiss, the court, for some reason not disclosed by the record, conducted a second hearing on appellant's motion to dismiss because of the violation of the Speedy Trial Act.

The record reveals that the court did not conduct a hearing on the motion to suppress. The record does not show that such motion was ever presented to the court. However, during the course of the trial and when evidence was presented in the presence of the jury, appellant objected to the introduction of a certain photograph of appellant, taken while he was in custody. During a colloquy between the court and counsel, appellant's counsel requested the court to take judicial notice of the evidence presented on the motion to dismiss the indictment for the reason of the Speedy Trial Act violations. Counsel further requested such evidence be considered with reference to his motion to suppress. The court granted this request and then overruled the motion to suppress.

1. *TEX. CODE CRIM. PROC. ANN. art. 32A.02* (Vernon Pamph. Supp. 1984).

In considering the ground of error under review, we must consider only the evidence which was introduced in the hearing on the motion to dismiss the indictment. We have carefully reviewed such evidence and find that it is insufficient to support the action of the court in overruling the motion to suppress. It is understandable why such evidence is insufficient. On the motion to dismiss the indictment based upon the Speedy Trial Act, the State was only concerned with the time limitations of the Speedy Trial Act, and rightfully so, because the allegations contained in the motion to suppress were not involved. The State, at that stage of the proceedings, was not required to present evidence concerning an illegal arrest. The State's only concern was proving compliance with the Speedy Trial Act. However, since the court overruled the motion to suppress, we must consider the ground of error presented to us in light of the motion, the evidence, and the ruling of the court. This ground is sustained.

The judgment of the court is reversed and this cause is remanded for new trial.